[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11615
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 24, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00038-CR-1-MP-AK-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN MICHAEL LOWRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 24, 2008)

Before ANDERSON, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Appellant John Michael Lowry appeals his conviction for conspiracy to

manufacture, distribute, and possess with intent to distribute marijuana plants, in violation of 21 U.S.C. § 846. On appeal, Lowry argues that the district court erred by not suppressing the evidence seized from his property, as the Drug Enforcement Administration ("DEA") agents committed an illegal "knock and talk," because a reasonable person would have known that he was not permitted to enter the property.

In reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error, and review *de novo* the application of the law to the facts. *United States v. Perez*, 443 F.3d 772, 774 (11th Cir. 2006). The facts are construed in the light most favorable to the party that prevailed below. *Id.*

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. For a search to be unconstitutional, a defendant must establish both a subjective and an objective expectation of privacy. *United States v. Segura-Baltazar*, 448 F.3d 1281, 1286 (11th Cir. 2006). A subjective expectation of privacy occurs if the defendant actually expected privacy, and an objective expectation of privacy occurs only when society is prepared to recognize an expectation of privacy as reasonable. *Id.* Unless expressly prohibited, an officer is permitted to approach a residence and knock on the front door of any property to the extent that a private citizen could do the same. *United States v. Taylor*, 458

F.3d 1201, 1204 (11th Cir. 2006). The doctrines of trespass and Fourth Amendment searches are distinct, and a trespass does not create a constitutional violation. *United States v. Hall*, 47 F.3d 1091, 1095-96 (11th Cir. 1995). We have held that a warrantless search is illegal if an officer possesses probable cause, but instead of obtaining a search warrant, creates exigent circumstances to justify a search. *United States v. Santa*, 236 F.3d 662, 671 (11th Cir. 2000) (quoting *United States v. Tobin,* 923 F.2d 1506, 1511 (11th Cir. 1991)).

We conclude from the record that the district court did not err in denying the motion to suppress, as the officers conducted a valid "knock and talk" at Lowry's residence, which resulted in Lowry consenting to a search of the property. Accordingly, we affirm Lowry's conviction.

**AFFIRMED.**